UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | February 4, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   **(In Chambers)** PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. No. 5, filed February 2, 2015)

## I.  INTRODUCTION

On January 26, 2015, plaintiff Leticia Munguia filed this lawsuit against defendants Wells Fargo Bank, N.A.; NBS Default Services, LLC, APB Properties, LLC, and Does 1 through 10.  Dkt. No. 1.  Plaintiff alleges claims under the California Homeowner's Bill of Rights ("HBOR"), Cal. Civil Code §§ 2924.18(a)(1), 2923.6(b); and the federal Sherman Antitrust Act, Clayton Antitrust Act, and Cartwright Act.

On February 2, 2015, plaintiff filed an application for a temporary restraining order, as well as a supporting memorandum and declaration.  Dkt. Nos. 5–7.  Plaintiff seeks to prevent defendants from taking possession of her home, Dkt. No. 5 at 2, which appears to have been sold at a trustee's sale on September 25, 2014, Compl. ¶¶ 23–28.

## II.  DISCUSSION

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A preliminary injunction is an "extraordinary remedy."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | February 4, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, " 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

A court may issue a temporary restraining order without notice to the adverse party or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Id. 65(b)(1) (emphasis added). The Supreme Court and the Ninth Circuit have explained that "the circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438–39 (1974)). These stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before a reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose, 415 U.S. at 438–39. An ex parte temporary restraining order "may be appropriate 'where notice to the adverse party is impossible either because the identity of an adverse party is unknown or because a known party cannot be located in time for a hearing.' " Reno Air Racing, 452 F.3d at 1131 (quoting Am. Can Co. v. Mansukhani, 742 F.3d 314, 322 (7th Cir. 1984)). But "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (internal quotation marks omitted).

Plaintiff has filed proofs of service indicating that the summons and complaint were served upon all three named defendants on January 28, 2015. Dkt. Nos. 8–10. Plaintiff states in her memorandum in support of her application that she will take certain efforts to put defendants on notice of her request for a temporary restraining order. See Dkt. No. 6 at 4. Plaintiff cites Rule 65(b) in her application, and submits a declaration that appears calculated to apprise the Court of why resolution of her request for relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | February 4, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

cannot wait for service of and response from defendants. Plaintiff declares that she will face irreparable injury if a temporary restraining order is not granted because she has a cognizable claim under HBOR and because ten people live in the property at issue. Dkt. No. 7 ¶¶ 5, 6, 8. Plaintiff does not satisfactorily explain, however, why she will suffer irreparable harm if her requested relief is not granted before defendants are served and have an opportunity to respond. Accordingly, the Court does not find plaintiff's application appropriate for resolution on an ex parte basis.

Plaintiff's application is therefore **DENIED** without prejudice to its being renewed upon service of defendants.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |