UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Isabel Rodriguez                                     Sam Muriella
                                                                Stephen Britt

**Proceedings:** DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS (Dkt. 23, filed February 17, 2015)

DEFENDANT APB PROPERTIES, LLC'S MOTION TO DISMISS (Dkt. 25, filed February 18, 2015)

## I.    INTRODUCTION

On January 26, 2015, *pro se* plaintiff Leticia Munguia filed a verified complaint against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NBS Default Services, LLC ("NBS"), APB Properties, LLC ("APB"), and Does 1 through 10. Dkt. 1. Plaintiff alleges claims under the California Homeowner Bill of Rights ("HBOR"), Cal. Civil Code §§ 2923, 2924, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, the Clayton Antitrust Act, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53, and the Cartwright Act, Cal. Bus. and Prof. Code §§ 16700, et seq. Id. Plaintiff also alleges a claim for declaratory relief. Id.

On February 17, 2015, defendant Wells Fargo filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), as well as a request for judicial notice. Dkt. 23.[1]

---

[1] Wells Fargo requests that the Court take notice of the following documents: Deed of Trust for the property, dated July 13, 2004 and recorded on July 30, 2004 as Instrument No. 04-1958377 in the Los Angeles County Recorder's Office ("LACRO") (Ex. A); Assignment of Deed of Trust, dated November 5, 2013 and recorded on that same date as Instrument No. 20131574292 in the LACRO (Ex. B); Substitution of Trustee, dated March 5, 2014 and recorded on March 14, 2014 as Instrument No. 20140260558 in the LACRO (Ex. C); Notice of Default and Election to Sell Under Deed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Defendant APB subsequently filed a motion to dismiss on February 18, 2015. Dkt. 25. Plaintiff belatedly filed a joint opposition to defendants' motion on March 19, 2015, dkt. 32, to which defendants replied on March 25, 2015, dkts. 35, 36.[2] The Court held a hearing on March 30, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On July 13, 2004, plaintiff obtained a home mortgage loan in the amount of $300,000 from Wells Fargo. Compl. ¶ 10, Ex. A. This loan was secured by a promissory note and deed of trust against plaintiff's residence, located at 1148 S. Fresno Street, Los Angeles, California 90023 ("the property"). Id.

In January 2014, plaintiff contacted Wells Fargo to discuss the possibility of obtaining a loan modification. Id. ¶ 11. Plaintiff was informed by a Wells Fargo customer service representative that, in order to qualify for a Loan Modification, plaintiff was required to be in default on her original loan for three months. Id. ¶ 12. Plaintiff followed these instructions, allowing her payments to fall behind for three months. Id. ¶ 13.

Between February 2014 and May 2014, plaintiff repeatedly requested a Loan Modification Application from various Wells Fargo customer care representatives. Id. ¶

---

of Trust, dated March 12, 2012 and recorded on March 14, 2014 as Instrument No. 20140260559 in the LACRO (Ex. D); Notice of Trustee's Sale, recorded on June 26, 2014 as instrument No. 20140660386 in the LACRO (Ex. E); Trustee's Deed Upon Sale, dated September 25, 2014 and recorded on October 8, 2014 as Instrument No. 20141065586 in the LACRO (Ex. F). The Court takes judicial notice of these documents because they are matters of public record, but does not accept them for the truth of the matters asserted therein. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

[2] On March 13, 2015, defendant Wells Fargo filed a notice of non-opposition to the motion to dismiss, correctly pointing out that plaintiff had failed to file a timely opposition and requesting that the Court grant defendant's motion pursuant to Local Rule 7-12. Dkt. 29. The Court declines to dismiss *pro se* plaintiff's complaint based on noncompliance with the local rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

14.  In June 2014, plaintiff received a Loan Modification package from Wells Fargo, and subsequently submitted a Loan Modification Application ("Application") pursuant to instructions provided by Wells Fargo.  Id. ¶ 15.  On July 8, 2014, plaintiff spoke with Daniel Romero, the home representative specialist assigned by Wells Fargo to handle plaintiff's Application.  Id. ¶ 16.  Romero informed plaintiff that her Application had been received and was being reviewed.  Id.

Soon thereafter, plaintiff learned that the property was scheduled to be sold at a trustee's sale on August 25, 2014.  Id. ¶ 17.  Plaintiff contacted Romero on August 19, 2014 to notify him of the sale; Romero informed plaintiff that the sale had been postponed until September 25, 2014.  Id. ¶ 18.  Romero also requested further financial documentation from plaintiff, which plaintiff subsequently faxed to Romero at a number he provided.  Id. ¶ 19.  Romero stated that he was still reviewing plaintiff's Application and would contact her if he needed further documentation.  Id. ¶ 20.

On September 4, 2014, plaintiff called a number provided by Romero and spoke with a customer care servicer, Ebrahina.  Id. ¶ 21.  Ebrahina informed plaintiff that Romero needed further documentation from her, and directed plaintiff to go to a Wells Fargo branch located at 3800 Whittier Blvd., Los Angeles, CA 90023 ("Whittier Blvd. Branch") to fax the requested information.  Id.  On September 23, 2014, plaintiff made 22 calls to Romero.  Id. ¶ 22.  Plaintiff alleges that Romero would not return her calls, but that she was instead transferred to a "seven day specialist" named Luke, who informed plaintiff that her Application was still being reviewed.  Id.

The next day, plaintiff again contacted Luke to inquire about the September 25, 2014 trustee's sale.  Id. ¶ 23.  Plaintiff alleges that Luke advised her not to worry, since the sale would be postponed.  Id.  Plaintiff called back a short time later that same day, and spoke to a woman named Angie, who advised plaintiff to review her notes and to return to return to the Whittier Blvd. Branch to re-fax documentation related to plaintiff's Application.  Id.

On September 25, 2014, plaintiff was "shocked" to receive a call from Romero, who informed plaintiff that the seven day specialist was "actively reviewing" her Application.  Id. ¶ 24.  Romero also told plaintiff that he would meet with his supervisor regarding postponement of the trustee's sale in light of the ongoing review of plaintiff's Application.  Id.  Romero told plaintiff that her home would not be sold.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

      Later that day, plaintiff discovered that her home was still scheduled to be sold on September 25, 2014. Id. ¶ 25. Plaintiff immediately contacted Romero, and informed him that her brother was "on standby" at a Wells Fargo branch prepared to make the payment required to bring plaintiff's loan current. Id. ¶ 26. Romero informed plaintiff that a payment of $30,782.00 would suffice to make the loan current. Id. ¶ 27. Romero then transferred plaintiff to the "trustee attorney," to whom plaintiff explained her situation. Id. Plaintiff alleges that the attorney "had no idea" what plaintiff was talking about and "basically hung up the phone." Id.

      While plaintiff was on the phone with Wells Fargo on September 25, 2014, plaintiff alleges that a man identifying himself as Nelson Vega confronted plaintiff at her residence, informing plaintiff that he was the new owner of the property. Id. ¶ 28. Plaintiff threatened to call the police, and Vega left. Id. Plaintiff then tried to contact Romero and the seven day specialist several more times, without success, to ascertain the status of her pending Application. Id. ¶¶ 29, 30. Plaintiff alleges that her brother continued to wait at a Wells Fargo branch to make the payment to bring the loan current. Id. ¶ 30. It appears that the property was sold on September 25, 2014.

      Plaintiff alleges that she provided Wells Fargo with all of the requested information for her Application within the time frame specified by Wells Fargo, but "never received any confirmation from the bank regarding the next step in the negotiations." Id. ¶ 31. Instead, plaintiff alleges that she was repeatedly told "that she needed to resubmit the requested information, as it had gotten stale by the passage of time." Id. Ultimately, plaintiff alleges that she resubmitted the same information to Wells Fargo "no fewer than seven times." Id. ¶ 33.

## III.   LEGAL STANDARD

      A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

    Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

## IV.    DISCUSSION

### A.    Plaintiff's Claims for Violation of the Homeowner Bill of Rights

Plaintiff alleges that defendants violated several provisions of the Homeowner Bill of Rights ("HBOR") in foreclosing on the property. Among other requirements, the HBOR mandates that "individual borrowers and lenders 'assess' and 'explore' alternatives to foreclosure," and that "[d]uring the foreclosure process, the debtor/trustor [be] given several opportunities to cure the default and avoid the loss of the property." Mabry v. Superior Court, 185 Cal.App. 4th 208, 223 (2010). The gravamen of plaintiff's complaint is that defendants foreclosed on the property while plaintiff's loan modification application was pending, a practice known as "dual tracking" that is expressly prohibited by section 2923.6(c) of the HBOR. Cal. Civ. Code § 2923.6(c).

Section 2924.12 of the HBOR provides a cause of action for material violations of sections 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17, and permits a borrower to seek injunctive and monetary relief under subsections (a) and (b), respectively. See Cal. Civ. Code § 2924.12. Under subsection 2924.12(a), injunctive relief is solely available to prevent a foreclosure sale before it occurs. Cal. Civ. Code § 2924.12(a)(2) (providing that "[a]ny injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that" the underlying violation has been remedied). Pursuant to subsection 2924.12(b), damages are available "after a trustee's deed upon sale has been recorded." Cal. Civ. Code § 2924.12(b).

The Court addresses each defendant's motion to dismiss plaintiff's HBOR claims in turn.

#### 1.    Defendant APB

The Court concludes that plaintiff has failed to state a claim against defendant APB for violation of the HBOR. Only "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" can be held liable to a borrower for damages resulting from a material violation of the HBOR. Cal. Civ. Code § 2924.12(b). APB correctly points out that plaintiff has not alleged that APB is "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent." Indeed, plaintiff's complaint makes no specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

allegations against APB in connection with her HBOR claims. It follows that plaintiff has failed to state a claim against APB for violation of the HBOR.

Accordingly, the Court GRANTS without prejudice defendant APB's motion to dismiss plaintiff's claim for violation of the HBOR.

### 2. Defendant Wells Fargo

#### a. Plaintiff's Claim for Dual Tracking in Violation of Cal. Civ. Code § 2923.6

As noted above, the gravamen of plaintiff's complaint is that Wells Fargo engaged in dual tracking in violation of § 2923.6(c). Compl. ¶ 40. Section 2923.6(c) provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code §§ 2923.6(c)(1)-(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Here, plaintiff alleges that Wells Fargo violated 2923.6(c) by failing to make a written determination that she was ineligible for a loan modification before conducting a trustee's sale on the property. Compl. ¶ 40.[3]

Wells Fargo contends that this claim fails because plaintiff "admits that she did not submit a 'complete' loan modification application . . . under the definition provided by the statute." WF Mot. Dismiss at 4. Wells Fargo directs the Court to Cal. Civ. Code § 2923.6(h), which states that "an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." According to Wells Fargo, plaintiff "does not plead that all of the requested documents were submitted to Wells Fargo by the deadlines it provided." WF Mot. Dismiss at 5. Wells Fargo reiterates this argument in its reply, asserting that plaintiff "fails to plead that a 'complete loan modification application' was submitted prior to the September 25, 2014 trustee's sale." WF Reply at 3.

Construing the complaint in the light most favorable to the nonmoving party, the Court concludes that plaintiff has alleged submission of a "complete" application within

---

[3] Plaintiff also cites to Cal. Civ. Code § 2924.15 in support of her dual tracking claim. Compl. ¶ 44. In pertinent part, section 2924.15 provides:

> Section[] . . . 2923.6 . . . shall apply only to first lien mortgages or deeds of trust that are secured by <u>owner-occupied residential real property</u> containing no more than four dwelling units. For these purposes, <u>'owner-occupied' means that the property is the principal residence of the borrower</u> and is security for a loan made for personal, family, or household purposes.

Cal. Civ. Code § 2924.15(a) (emphasis added). Wells Fargo argues that plaintiff's claim under section 2924.15 fails because this section is merely descriptive, and does not prohibit dual tracking. WF Mot. Dismiss at 7. Wells Fargo misses the mark. Plaintiff does not assert a claim under 2924.15; indeed, the HBOR does not provide a private cause of action for material violations of this section. See Cal. Civ. Code § 2924.12(b). Rather, plaintiff is simply alleging that her claim for dual tracking under section 2923.6 is viable, since the property is "her principal residence," Compl. ¶ 45—as required by section 2924.15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

the meaning of section 2923.6, prior to the September 25, 2014 trustee's sale. Specifically, plaintiff alleges that she "provided the requested information [to Wells Fargo] within the specified time frame . . . [but] never received any confirmation . . . regarding the next step in the negotiations." Compl. ¶ 31. See also id. ¶ 33 (alleging that plaintiff submitted the requested information "no fewer than seven times"). Plaintiff also repeatedly alleges that Wells Fargo informed her that her Application was under review. Id. ¶¶ 16, 29 22, 24. Moreover, plaintiff alleges that she submitted her Application and information requested by Wells Fargo prior to September 25, 2014. See, e.g., Compl., Exs. C, D. Taken together, these allegations suggest that plaintiff submitted a timely and complete loan modification application to Wells Fargo, which Wells Fargo did not deny in writing prior to initiating the trustee's sale on the property. These allegations suffice to state a claim for violation of section 2923.6.

Accordingly, the Court DENIES Wells Fargo's motion to dismiss plaintiff's claim for violation of Cal. Civ. Code § 2923.6.

### b. Failure to Provide Plaintiff with a Single Point of Contact Violation of Cal. Civ. Code § 2923.7

Plaintiff alleges that Wells Fargo violated section 2923.7 of the HBOR by failing to provide her with a single point of contact ("SPOC"). Specifically, plaintiff alleges that she "cannot obtain a straight answer from any of the bank's myriad number of purported representatives," and has been "shuttled from one 'department' . . . to the next." Compl. ¶ 43.

Under section 2923.7, "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." The SPOC is responsible for:

> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

  (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

  (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

  (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

  (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Id. § 2923.7(b). Section 2923.7(e) defines SPOC as "an individual or team of personnel, each of whom has the ability and authority to perform the responsibilities" described in sections 2923.7(b)–(d). This statute is intended "to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 904–05 (2013).

  First, Wells Fargo contends that plaintiff's claim for violation of section 2923.7 fails as a matter of law because plaintiff does not allege that she requested a SPOC from Wells Fargo. Although some courts have found that section 2923.7 requires the borrower to specifically request a SPOC, see, e.g., Williams v. Wells Fargo Bank, 2014 WL 1568857, at *8 (C.D. Cal. Jan. 27, 2014), other courts have rejected this interpretation, concluding that it is incumbent upon the lender to provide a SPOC when the borrower requests a foreclosure prevention alternative, see, e.g., McFarland v. JP Morgan Chase Bank, 2014 WL 4119399, at *11 (C.D. Cal. Aug. 21, 2014); Penermon v. Wells Fargo Bank, N.A., 2014 WL 2754596, at *12 (N.D. Cal. June 11, 2014); Mungai v. Wells Fargo Bank,2014 WL 250890, at *9 (N.D. Cal. June 3, 2010). The Court finds these latter cases more persuasive and more consistent with the provision's purpose of ensuring that borrowers are not "given the run around." Thus, plaintiff's failure to allege that she requested a SPOC does not render her claim for violation of section 2923.7 defective.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Wells Fargo next contends that plaintiff's complaint may be construed as alleging that she was assigned the requisite "team of personnel" within the meaning of section 2923.7. WF Mot. Dismiss at 6. Wells Fargo misconstrues the standard on a Rule 12(b)(6) motion. At this stage, the Court is required to construe the pleadings in the light most favorable to the nonmoving party—not to Wells Fargo. Sprewell, 266 F.3d at 988. Thus, that the pleadings might be construed to support Wells Fargo's position is irrelevant to the instant motion.

Here, plaintiff alleges that she made contact with at least five Wells Fargo representatives—Romero, Ebrahina, a seven day specialist named Luke, Angie, and a trustee's attorney—in attempting to determine the status of her Application. See, e.g., Compl. ¶¶ 18, 21-23, 27. She further alleges that her calls were transferred "repeatedly to different people in different 'departments' within the bank," id. ¶ 31, and that she was repeatedly told that her loan modification information "had been lost, misplaced, or was being handled by someone else in a different department," id. ¶ 34. These allegations are consistent with a failure to assign plaintiff a SPOC with the "ability and authority to stop foreclosure proceedings when necessary."

Finally, Wells Fargo asserts that the alleged failure to respond to plaintiff's calls two days prior to the trustee's sale "does not necessarily constitute a violation of the statute." WF Mot. Dismiss at 6. Wells Fargo points to section 2923.7(c), which states in pertinent part that the SPOC "shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted." Wells Fargo implies that such "loss mitigation options" may have been exhausted two days prior to the trustee's sale, thus excusing Wells Fargo of its obligation to provide plaintiff with a SPOC. Wells Fargo again misconstrues the applicable standard on a motion to dismiss. Although Wells Fargo's position is certainly possible, the Court must draw all inferences in favor of plaintiff at this juncture. Doing so, the Court concludes that plaintiff has adequately alleged a violation of section 2923.7 against Wells Fargo.

Accordingly, the Court DENIES Wells Fargo's motion to dismiss plaintiff's claim for violation of Cal. Civ. Code § 2923.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

### B. Plaintiff's Claims for Violation of the Sherman Antitrust Act, Clayton Act, and Cartwright Act

Without specifying relevant statutory provisions, plaintiff asserts a claim for "bid rigging" in violation of the Sherman Antitrust Act, Clayton Antitrust Act, and the Cartwright Act. Specifically, plaintiff alleges that defendants NBS and APB "were working in collusion through bid rigging to deprive plaintiff of her property." Compl. ¶ 47.

The Court concludes that plaintiff has failed to state a claim against either Wells Fargo or APB for violation of the aforementioned statutes. First, plaintiff does not make any allegations specifically against Wells Fargo in connection with the bid rigging claim. Second, apart from alleging that NBS and APB colluded "through bid rigging to deprive plaintiff of her property," plaintiff has not provided any factual allegations concerning the alleged collusion. See, e.g., In re Late Fee & Over-Limit Fee Litig., 528 F. Supp. 2d 953, 962 (N.D. Cal. 2007) aff'd, 741 F.3d 1022 (9th Cir. 2014) (to state claim under section 1 of the Sherman Act, plaintiff must set forth, inter alia, "concrete allegations about the content and circumstances of any actual agreement."). Instead, plaintiff appears to set forth boilerplate explanations of bid rigging and antitrust violations that are not connected to the alleged actions of defendants. See Compl. ¶¶ 50-53.

Finally, it is not clear to the Court that plaintiff has standing to bring antitrust claims. As the Ninth Circuit has explained, "[t]he antitrust laws do not provide a remedy to every party injured by unlawful economic conduct. It is well established that the antitrust laws are only intended to preserve competition for the benefit of consumers." Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California, 190 F.3d 1051, 1055 (9th Cir. 1999). Among other requirements, antitrust standing only exists "where the plaintiff is a participant in the relevant market—e.g., a consumer or competitor in the relevant market alleged." In re Dynamic Random Access Memory (Dram) Antitrust Litig., 516 F. Supp. 2d 1072, 1090 (N.D. Cal. 2007). Further, to bring an antitrust claim, "a plaintiff must allege injury not only to itself, but to competition within a field of commerce in which the claimant is engaged (i.e., 'antitrust injury')." Int'l Norcent Tech. v. Koninklijke Philips Electronics N.V., 2007 WL 4976364, at *14 (C.D. Cal. Oct. 29, 2007) aff'd, 323 F. App'x 571 (9th Cir. 2009) (internal quotations omitted). Moreover, "[t]o allege injury to competition, a plaintiff may not merely recite the bare legal conclusion that competition has been restrained unreasonably. [citation]." Id. (internal quotations and citations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

omitted). Here, plaintiff has not alleged that she is a "consumer or competitor" in the relevant market—i.e., the market for the sale of the property—nor has she explained how the alleged conspiracy harmed competition. Rather, as noted above, plaintiff proffers generic explanations of the process of bid rigging and the purpose of the antitrust laws.

Accordingly, the Court GRANTS without prejudice both Wells Fargo's motion and APB's motion to dismiss plaintiff's claim for bid rigging.

### C. Plaintiff's Claim for Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq

Plaintiff alleges that defendants "violated . . . [the] Unfair Competition Law . . . in connection with processing loan modifications and foreclosures." Compl. ¶ 6. However, plaintiff does not set forth a separate claim for relief for violation of the UCL. Plaintiff is directed in her amended complaint to state a separate claim for violation of the UCL, Cal. Bus. & Prof. § 17200, et seq. The plaintiff is reminded that damages are not available under that statute.

Accordingly, the Court GRANTS without prejudice both Wells Fargo's motion and APB's motion to dismiss plaintiff's claim for violation of the UCL.

### D. Plaintiff's Claim for Declaratory Relief

Plaintiff's claim for declaratory relief seeks to enjoin defendants from "taking possession of [the property]," following the "false, fraudulent and void foreclosure sale on September 25, 2014." Compl. ¶ 55. However, as discussed supra, the HBOR contemplates injunctive relief only to *prevent* a foreclosure sale. See Cal. Civ. Code § 2924.12(a). Thus, to the extent that plaintiff seeks to set aside the completed sale of the property, the Court construes plaintiff's request for injunctive relief as an action in equity for wrongful foreclosure. See Lona v. Citibank, N.A., 202 Cal.App. 4th 89, 103 (2011) ("After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale."). See also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]e continue to construe *pro se* filings liberally when evaluating them under Iqbal.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Under California law, "[t]he elements of an equitable cause of action to set aside a foreclosure sale are as follows: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (collecting cases). Accord In re Mortgage Elec. Registration Sys., Inc., 754 F.3d 772, 784 (9th Cir. 2014). "Justifications for setting aside a trustee's sale . . . which satisfy the first element, include the trustee's or the beneficiary's failure to comply with the statutory procedural requirements for the notice or conduct of the sale." Id. at 104. "Other grounds include proof that: (1) the trustee did not have the power to foreclose [citations]; (2) the trustor was not in default, no breach had occurred, or the lender had waived the breach [citations]; or (3) the deed of trust was void." Id.

The Court concludes that plaintiff has stated a claim for wrongful foreclosure. As to the first element, the gravamen of plaintiff's complaint is that defendants conducted the trustee's sale while her loan modification application was still pending in violation of Cal. Civ. Code section 2923.6—i.e., a "failure to comply with the statutory procedural requirements for the notice or conduct of the sale." Plaintiff has also satisfied the second element of a wrongful foreclosure claim by alleging that she is "in danger of being deprived of her home [because of the] false, fraudulent and void foreclosure sale on September 25, 2014." Compl. ¶ 55.

As to the final element, defendants assert that plaintiff has not alleged tender of the full amount due on the loan. WF Mot. Dismiss at 11; APB Mot. Dismiss at 7. Defendants' contention, however, appears to ignore plaintiff's allegations that Wells Fargo informed her that a payment of $30,782.00 would "bring plaintiff's loan current," Compl. ¶ 27, and that her brother was at Wells Fargo "on standby to make the payment to bring the loan current," id. ¶ 26. Although Wells Fargo directs the Court to a Notice of Default, asserting it indicates that, "as of March 12, 2014, Plaintiff was approximately $156,526.78 in arrears" on her loan, WF Mot. Dismiss at 2 (citing RJN, Ex. D, at p. 2.), the Notice of Default actually states that the amount owed is "**$15,526.78** as of 3/12/2014, and will increase until your account becomes current." Plaintiff's allegation that her brother was "on standby" to make a $30,782.00 payment to Wells Fargo in September 2014 is entirely consistent with the tender requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Accordingly, the Court DENIES defendants' motions to dismiss plaintiff's claim for wrongful foreclosure.

## V.  CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part Wells Fargo's motion to dismiss.  Specifically, the Court GRANTS without prejudice Wells Fargo's motion to dismiss plaintiff's claims for bid rigging and violation of the UCL.  The Court DENIES Wells Fargo's motion to dismiss plaintiff's claims for violation of the HBOR and wrongful foreclosure.

The Court also GRANTS in part and DENIES in part APB's motion to dismiss. Specifically, the Court DENIES APB's motion to dismiss plaintiff's claim for wrongful foreclosure, but otherwise GRANTS APB's motion to dismiss without prejudice.

Plaintiff shall have until **Wednesday, April 29, 2015** to file a first amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |