UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): DEFENDANT NBS DEFAULT SERVICES, LLC'S MOTION TO SET ASIDE DEFAULT (Dkt. 38, filed April 14, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for May 18, 2015 is hereby vacated, and the matter is taken under submission.

## I.   INTRODUCTION & BACKGROUND

On January 26, 2015, plaintiff Leticia Munguia filed this lawsuit against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NBS Default Services, LLC ("NBS"), APB Properties, LLC ("APB"), and Does 1 through 10. Dkt. 1. Plaintiff alleges claims under the California Homeowner's Bill of Rights ("HBOR"), Cal. Civil Code §§ 2924.18(a)(1), 2923.6(b), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, the Clayton Antitrust Act, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53, and the Cartwright Act, Cal. Bus. and Prof. Code §§ 16700, et seq. Id. Plaintiff seeks to prevent defendants from taking possession of her home, which was sold at a trustee's sale on September 25, 2014. Compl. ¶¶ 23–28.

In February 2015, Wells Fargo and APB filed motions to dismiss plaintiff's complaint, dkts. 23, 25, which the Court granted in part by order dated March 30, 2015, dkt. 37.[1] Defendant NBS failed to appear or otherwise respond to plaintiff's complaint.

---

[1] Plaintiff filed a First Amended Complaint on April 27, 2015. Dkt. 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

Accordingly, plaintiff filed an application for entry of default against NBS on March 20, 2015, dkt. 33, which the clerk entered on March 23, 2015, dkt. 34.

On April 14, 2015, NBS filed a motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Dkt. 38. Plaintiff has not opposed NBS' motion. Having carefully considered NBS' arguments and the record before the Court, the Court finds and concludes as follows.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three factors when evaluating whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (The Rutter Group 2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Group Life Ins. Plan, 244 F.3d at 696.

Although it is a close call, the Court concludes that vacating the entry of default is proper. NBS represents that its failure to timely respond to plaintiff's complaint was the result of excusable neglect. Mot. Vacate at 4. Specifically, NBS' counsel avers that NBS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

intended to join Wells Fargo's motion to dismiss, which was filed on February 17, 2015, and upon receipt of Wells Fargo's motion, counsel "assigned the review and preparation of joinder to . . . a contract attorney with the firm." Hicklin Decl. ¶ 5. Counsel states that he "reasonably believed" that this contract attorney, whose term of employment has since ended, had filed the joinder. Id. ¶ 6. "Much to [counsel's] chagrin," joinder was not filed with the Court. Mot. Vacate at 5.

Counsel's unexplained failure to adequately supervise his subordinate attorney does not constitute "excusable" neglect. See Cal. Rules of Prof'l Responsibility R. 3-110 cmt. (2014) ("The duties set forth in rule 3-110 include the duty to supervise the work of subordinate attorney and non-attorney employees or agents"); see also Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir.1998) ("It is . . . the professional duty of the attorney of record to ensure . . . compl[iance] with the applicable rules."). Nonetheless, the Ninth Circuit has explained that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is . . . not necessarily . . . culpable." TCI Grp. Life Ins. Plan , 244 F.3d at 697-98. Here, the Court cannot discern any intent to take advantage of plaintiff from NBS' proffered explanation. See id. (explaining that defendant's failure to respond must be "willful, deliberate, or evidence of bad faith."). At most, the explanation demonstrates counsel's incompetence.

Further, it appears that NBS may have meritorious defenses in this action. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI Grp. Life Ins. Plan, 244 F.3d at 700. The Court determines the merits of the defense later. Yagman v. Galipo, 2013 WL 1287409 (C.D. Cal. Mar. 25, 2013). Here, the gravamen of plaintiff's complaint is that her lender, Wells Fargo, failed to comply with the HBOR in foreclosing on her property. NBS asserts that "it is a named defendant due solely to its capacity as foreclosing trustee for Wells Fargo Bank. . . . [and plaintiff's claims] do not even touch on NBS." Mot. Vacate at 3. Indeed, in its concurrently filed Answer, NBS contends that plaintiff has failed to state a claim against it. See Dkt. 38-1 (Answer). If plaintiff cannot allege facts concerning NBS' alleged wrongdoing, NBS may have a meritorious defense in this action.

Lastly, the Court cannot discern why vacating the entry of default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.' " TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)) (alteration in original). Here, it does not appear that plaintiff's ability to pursue her claim will be hindered if NBS is permitted to participate in the instant action.

### III.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant NBS's motion to set aside the default.

IT IS SO ORDERED.

                                                                                                           00     :     00

                                             Initials of Preparer            CMJ