UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                        Not Present

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S FEBRUARY 11, 2015 ORDER DENYING PLAINTIFF'S SECOND APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 39, filed April 14, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for May 18, 2015 is hereby vacated, and the matter is taken under submission.

On January 26, 2015, plaintiff Leticia Munguia filed this lawsuit against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NBS Default Services, LLC ("NBS"), APB Properties, LLC ("APB"), and Does 1 through 10. Dkt. 1. Plaintiff alleges claims under the California Homeowner's Bill of Rights ("HBOR"), Cal. Civil Code §§ 2924.18(a)(1), 2923.6(b), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, the Clayton Antitrust Act, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53, and the Cartwright Act, Cal. Bus. and Prof. Code §§ 16700, et seq. Id. Plaintiff seeks to prevent defendants from taking possession of her home, which appears to have been sold at a trustee's sale on September 25, 2014. Compl. ¶¶ 23–28.

On February 2, 2015, plaintiff filed an application for a temporary restraining order, seeking to enjoin defendants from taking possession of her home. Dkts. 5-7. By order dated February 4, 2015, the Court denied plaintiff's application without prejudice, concluding that she had failed to explain why she would suffer irreparable harm if her requested relief was not granted before defendants were served. Dkt. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

On February 6, 2015, plaintiff filed a renewed application for a temporary restraining order, this time attaching adequate proofs of service. Dkt. 13. In this renewed application, plaintiff argued that a temporary restraining order should issue because she was likely to succeed on the merits of her claim for dual tracking in violation section 2923.6 of the HBOR. Id. The Court denied plaintiff's application by order dated February 11, 2015, explaining that "[b]ecause injunctive relief is only available pursuant to Cal. Civ. Code § 2924.12 when the trustee's sale has not yet occurred, this Court is without authority to provide plaintiff the relief she seeks." Dkt. 21.

On April 14, 2015, plaintiff filed the instant motion for reconsideration of the Court's February 11, 2015 order pursuant to Local Rule 7-18. Dkt. 38.[1] Defendant APB opposed this motion on April 27, 2015. Dkt. 41.

Before the instant motion could be heard, however, plaintiff filed a third *ex parte* application for a temporary restraining order on April 29, 2015. Dkt. 43. In her third application, plaintiff again requested that the Court enjoin defendant APB Properties from taking possession of her home, and again asserted that she was likely to prevail on the merits of her claim for violation of section 2923.6 of the HBOR. Id. Plaintiff further represented that "APB Properties was granted judgment in the Unlawful Detainer Case

---

[1] Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | May 13, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK NA, ET AL. | | |

for possession of Plaintiff's Property." Id. Applying the Rooker-Feldman doctrine, which precludes federal courts from reviewing state court judgments, the Court concluded that it lacked jurisdiction to entertain plaintiff's application and denied it accordingly. Dkt. 46 at 2. The Court also reiterated that, notwithstanding application of the Rooker-Feldman doctrine, the Court was without power to grant injunctive relief pursuant to the HBOR because such relief is only available when a trustee's sale has not yet occurred. Id. at 3.

Plaintiff's instant motion for reconsideration recapitulates the same arguments and legal theories twice rejected by this Court, and does not proffer new material facts or otherwise demonstrate the Court's failure to consider material facts. Although the Court is mindful of plaintiff's difficult situation, the Court is simply without power to grant plaintiff the injunctive relief she seeks.

Accordingly, the Court DENIES plaintiff's motion for reconsideration of the Court's February 11, 2015 order denying plaintiff's renewed application for a temporary restraining order.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |