UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | Christina A. Snyder | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS): DEFENDANT APB PROPERTIES, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Dkt. 55, filed May 14, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for June 22, 2015, is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

This action arises from the foreclosure of plaintiff's home. The pertinent allegations are set forth in detail in the Court's March 30, 2015 order, dkt. 37, and the Court does not repeat them here.

On January 26, 2015, *pro se* plaintiff Leticia Munguia filed a verified complaint against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NBS Default Services, LLC ("NBS"), APB Properties, LLC ("APB"), and Does 1 through 10. Dkt. 1. Plaintiff initially alleged claims against all defendants under the California Homeowner Bill of Rights ("HBOR"), Cal. Civil Code §§ 2923, 2924, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, the Clayton Antitrust Act, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53, and the Cartwright Act, Cal. Bus. and Prof. Code §§ 16700, et seq. Id. Plaintiff also asserted a claim for declaratory relief. Id.

In February 2015, defendants Wells Fargo and APB moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). By order dated March 30, 2015, the Court granted in part and denied in part defendants' respective motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

Dkt. 37. Specifically, the Court concluded that plaintiff had stated claims against Wells Fargo for violation of the HBOR and wrongful foreclosure, but dismissed the remainder of the claims asserted against Wells Fargo without prejudice.[1] The Court likewise concluded that plaintiff had stated a claim for wrongful foreclosure against APB, but dismissed without prejudice all other claims asserted against that defendant.

On April 27, 2015, plaintiff filed the operative first amended complaint ("FAC"). Dkt. 42. The FAC alleges claims against Wells Fargo and NBS for violation of the HBOR and UCL, FAC ¶¶ 44-90, as well as claims against Wells Fargo, NBS, and APB for wrongful foreclosure and declaratory relief, id. ¶¶ 91-124.

On May 14, 2015, APB filed a motion to dismiss the FAC pursuant to Rule 12(b)(6), which plaintiff opposed on June 1, 2015, dkt. 58. APB replied on June 8, 2015. Dkt. 63. APB's motion is presently before the Court.[2]

## II.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court

---

[1] Reading the complaint in the light most favorable to plaintiff, the Court construed plaintiff's requested declaratory relief as a claim for wrongful foreclosure. Dkt. 37 at 13.

[2] Although Wells Fargo filed a motion to dismiss the FAC on May 14, 2015, dkt. 53, which was joined by defendant NBS, dkt. 56, Wells Fargo subsequently withdrew its motion on June 5, 2015, dkt. 60. Wells Fargo's moving papers asserted that plaintiff lacked standing to raise her claims or, alternatively, that she was judicially estopped from raising them because she filed for bankruptcy in November 2014. See Dkt. 53. In opposing Wells Fargo's motion, however, plaintiff asserted that she had not in fact filed for bankruptcy. Dkt. 57 at 5 ("[Wells Fargo] alleges that Plaintiff filed a bankruptcy in November 7, 2014 when in fact it was Maria Luisa Osuna not Plaintiff. Bankruptcy 2: 14-bk-30934-VZ was not file[d] by Plaintiff."). Wells Fargo concedes that plaintiff's assertion raises an issue of fact not suitable for resolution on a motion to dismiss, and has withdrawn its motion accordingly. Dkt. 60 at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)

### III. DISCUSSION

Plaintiff asserts two claims against APB: (1) wrongful foreclosure and (2) declaratory relief. APB challenges both as inadequately pleaded. Mot. Dismiss at 4.[3]

#### A. Wrongful Foreclosure

APB contends that plaintiff's claim for wrongful foreclosure must be dismissed because she has failed to plead that she tendered the amount of the secured indebtedness or was otherwise excused from tendering. Reply Mot. Dismiss at 2; see Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (explaining general tender requirement for wrongful foreclosure claims "in cases where the trustor or mortgagor challenges the sale."). However, in the March 30, 2015 order denying APB's motion to dismiss this same claim, the Court concluded that plaintiff had adequately alleged tender. Dkt. 37 at 14.[4] The Court thus interprets APB's instant motion as a motion for reconsideration of

---

[3] APB also challenges plaintiff's claims for violation of the UCL and the HBOR. However, these claims are exclusively, and expressly, asserted against Wells Fargo and NBS. FAC ¶¶ 44-90.

[4] Moreover, it is unclear whether plaintiff is required to plead tender under the circumstances alleged here. "[T]he tender rule is not without exceptions." Barrionuevo v. Chase Bank, N.A., 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012). "Several court[s] have recognized a general equitable exception to applying the tender rule where 'it would be inequitable to do so.' " Id. (quoting Onofrio v. Rice, 55 Cal. App. 4th 413 (1997)); see also Storm v. America's Servicing Co., No. 09-1206, 2009 WL 3756629, at *6 (S.D. Cal. Nov. 6, 2009) ("[F]ailure to allege tender is not decisive at th[e] [pleading] stage. Whether Plaintiffs are required to tender is a matter of discretion left up to the Court . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

the March 30, 2015 order. Because APB has failed to proffer any of the requisite grounds for reconsideration, the Court DENIES APB's motion to dismiss plaintiff's wrongful foreclosure claim.[5]

---

[.]"). But see Wilson v. Househould Fin. Corp., No. 12-1413, 2013 WL 1310589, at *8 (E.D. Cal. Mar. 28, 2013) ("[W]hen a foreclosure has occurred, a party must tender the amount of the indebtedness to challenge a voidable sale for irregularities in the sale procedure."). In light of the equitable nature of the tender rule, courts in this circuit have declined to apply the rule at the pleading stage—even following a completed trustee's sale—where there is insufficient "opportunity to undertake a more informed analysis of the equities." Nguyen v. JP Morgan Chase Bank N.A., No. 12-04183, 2013 WL 2146606, at *6 (N.D. Cal. May 15, 2013); accord Bingham v. Ocwen Loan Servicing, LLC, No. 13-CV-04040, 2014 WL 1494005, at *8 (N.D. Cal. Apr. 16, 2014) (same); Stokes v. CitiMortgage, Inc., No. 14-00278, 2014 WL 4359193, at *9 (C.D. Cal. Sept. 3, 2014) (same). Indeed, as the Bingham court explained, although "[f]ew courts have specifically addressed the question of tender in post-HBOR Section 2923.6 actions, . . . three recent state courts decisions [have] refus[ed] to require tender where plaintiffs brought dual tracking claims . . . ." 2014 WL 1494005, at *6, n.5 (N.D. Cal. Apr. 16, 2014). Thus, the equitable nature of the tender requirement, coupled with plaintiff's adequately pleaded dual-tracking claims, dkt. 37 at 7-9, likewise counsels against dismissing plaintiff's claim for wrongful foreclosure at this stage.

[5] Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

### B. Declaratory Relief

As a preliminary matter, the Court notes that declaratory relief is an equitable remedy, not an independent claim or cause of action. William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial (Calif. & 9th Cir. eds.) § 10:3.1. Thus, to the extent that plaintiff seeks a declaration "that Defendants have violated Plaintiff's rights," FAC ¶ 123, the availability of such relief is contingent upon plaintiff's success on the merits of her surviving, substantive claims.

To the extent that plaintiff seeks a declaration "preventing [defendants] from taking possession of her home," and staying the related unlawful detainer proceedings against her in the Los Angeles County Superior Court, FAC ¶ 121, APB is correct that such relief is unavailable. In her original complaint, plaintiff likewise sought to enjoin defendants from "taking possession of [the property]." Compl. ¶ 55. However, as the Court explained in its March 30, 2015 order, "the HBOR contemplates injunctive relief only to *prevent* a foreclosure sale." Dkt. 37 at 13 (citing Cal. Civ. Code § 2924.12(a)) (emphasis in original). Because plaintiff's requested relief was unavailable, the Court construed plaintiff's claim as one for wrongful foreclosure. Id. Here, the Court once again concludes that such injunctive relief is unavailable to plaintiff.

Finally, to the extent that plaintiff seeks to enjoin the unlawful detainer action, this Court is without the authority to do so. Los Angeles Mem'l Coliseum Comm'n v. City of Oakland, 717 F.2d 470, 471 (9th Cir. 1983) ("Under most circumstances, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings.").

Accordingly, the Court GRANTS APB's motion to dismiss plaintiff's request for declaratory relief, insofar as plaintiff seeks to enjoin defendants from taking possession of the property or to stay the unlawful detainer proceedings in state court.

---

C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL         'O'

| Case No. | 2:15-cv-00582-CAS(JCx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, APB's motion to dismiss plaintiff's FAC is DENIED in part and GRANTED in part. The Court DENIES APB's motion to dismiss the claim for wrongful foreclosure, but GRANTS with prejudice APB's motion to dismiss the claim for declaratory relief.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |