UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-582-CAS(JCx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Maria Osuna, Pro Se | Stephen Britt<br>Sam Muriella |

**Proceedings:**    MOVANT MARIA OSUNA'S MOTION TO INTERVENE (Dkt. 99, filed May 3, 2016)

## I. INTRODUCTION

On January 26, 2015, *pro se* plaintiff Leticia Munguia filed a verified complaint against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), NBS Default Services, LLC ("NBS"), APB Properties, LLC ("APB"), and Does 1 through 10. Dkt. 1. Plaintiff's initial complaint asserted claims under the California Homeowner Bill of Rights ("HBOR"), Cal. Civil Code §§ 2923, 2924; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; the Sherman Antitrust Act, 15 U.S.C. §§ 1-7; the Clayton Antitrust Act, 15 U.S.C. §§ 12–27, 29 U.S.C. §§ 52–53; and the Cartwright Act, Cal. Bus. and Prof. Code §§ 16700, et seq. Id. Plaintiff also asserted a claim for declaratory relief. Id.

In February 2015, defendants Wells Fargo and APB moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). By order dated March 30, 2015, the Court granted in part and denied in part defendants' respective motions. Dkt. 37. Specifically, the Court concluded that plaintiff had stated claims against Wells Fargo for wrongful foreclosure and violation of the HBOR, but dismissed the remainder of the claims asserted against Wells Fargo without prejudice. The Court likewise concluded that plaintiff had stated a claim for wrongful foreclosure against APB, but dismissed without prejudice all other claims asserted against that defendant.

On April 27, 2015, plaintiff filed the operative first amended complaint ("FAC"). Dkt. 42. The FAC alleges claims against Wells Fargo and NBS for violation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-582-CAS(JCx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

HBOR and UCL, FAC ¶¶ 44-90, as well as claims against Wells Fargo, NBS, and APB for wrongful foreclosure and declaratory relief, <u>id.</u> ¶¶ 91–124.[1] Trial in this matter is currently scheduled for November 1, 2016.

On May 2, 2016, prospective intervenor Maria Osuna ("Osuna") filed a motion to intervene pursuant to Federal Rules of Civil Procedure 24(a) and 24(b). Dkt. 99. On May 16, 2016, defendants filed an opposition to the instant motion. Dkt. 107. On June 6, 2016, the Court held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Prospective intervenor Maria Osuna has been a co-occupant of the foreclosed property in this action since the signing of the Deed of Trust on July 13, 2004. Mot. Intervene ¶ 10. Osuna asserts that she has made payments towards the property and utilities since 2004, and that "she has substantial interest in the subject matter of the action outcome of the case." Mot. Intervene ¶¶ 11, 18. However, Osuna is not actually listed on the Deed of Trust and is not a borrower on the loan that gives rise to the instant suit. Compl. Ex. A.

Osuna avers that she decided to intervene in this action after what took place at plaintiff's scheduled deposition on March 23, 2016. Mot. Intervene ¶ 19. Osuna contends that on that day, plaintiff Leticia Munguia, as a result of "the very heated and uncomfortable atmosphere that was created [just before the deposition] by APB's attorney Sam Muriella," experienced emotional break downs that prevent her from adequately protecting Osuna's interests in this action. Mot. Intervene ¶¶ 2, 21. Accordingly, Osuna now seeks to intervene as a plaintiff of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, to permissively intervene pursuant to Federal Rule of Civil Procedure 24(b).

## III. DISCUSSION

---

[1] In an order dated May 14, 2015, the Court dismissed with prejudice plaintiff's claim for declaratory relief against APB.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | CV15-582-CAS(JCx) | Date | June 6, 2016 |
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

    **A.**     **Intervention of Right pursuant to Federal Rule of Civil Procedure 24(a)**

Osuna first seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), which provides as follows:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:
>
> (1)     when a statute of the United States confers an unconditional right to intervene; or
>
> (2)     when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

> (1) the applicant must timely move to intervene; (2) the applicant must have a *significantly protectable interest* relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003) (emphasis added). The rule is construed broadly in favor of applicants for intervention. United States v. Oregon, 839 F.2d 635, 637 (9th Cir. 1988). However, each of the above four elements must be demonstrated in order to provide a non-party with a right to intervene. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | CV15-582-CAS(JCx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

     Here, Osuna's motion to intervene must fail because Osuna does not demonstrate that she has a "significantly protectable interest" in the underlying property or the loan at issue in this litigation. The requirement that a prospective intervenor have a significantly protectable interest is generally satisfied when "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993). The applicant "need not show that the interest he asserts is one that is protected by statute under which litigation is brought. . . . It is enough that the interest is protectable under any statute." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir.2004) (internal citation omitted). Further, "[a]n applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." Donnelly, 159 F.3d at 410.

     The gravamen of plaintiff's operative complaint is that defendants wrongfully foreclosed on her property while plaintiff's loan modification application was pending, a practice known as "dual tracking" that is expressly prohibited by section 2923.6(c) of the HBOR. Cal. Civ. Code § 2923.6(c). Plaintiff also asserts that defendants violated section 2924.11 of the California Civil Code. See FAC at ¶ 17. Both of these statutory provisions apply only to "borrowers," as that term is defined in the HBOR. See Cal. Civ. Code § 2920.5(c)(1) (defining "borrower" as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer"); see also Cal. Civ. Code § 2924.12(b) (providing that defendants are liable only *to the borrower* for economic damages that result from a material violation of sections 2923.6 and 2924.11).

     It is undisputed that Osuna, who is not named on the Deed of Trust, is not a "borrower" under the HBOR, and therefore does not have an interest in the property that is protected by any of the HBOR provisions at issue in this lawsuit. Although Osuna avers that she has contributed to plaintiff's mortgage payments in the past and therefore has an "equity interest" in the property, Mot. Intervene at ¶ 1, Osuna fails to cite any legal authority holding that her status as a non-borrower occupant grants her an interest protected either by the statutes at issue here, or by any other authority. Osuna's motion to intervene under Rule 24(a) must accordingly be denied on this ground alone. C.f. Portland Audubon Soc. v. Hodel, 866 F.2d 302, 309 (9th Cir. 1989) (affirming district court's denial of a motion to intervene where prospective-intervenors—despite "hav[ing]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-582-CAS(JCx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

a significant economic stake in the outcome of the plaintiffs' case"—failed to identify any " 'protectable' interest justifying intervention as of right"), abrogated in part on other grounds by Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011).

### B.  Permissive Intervention pursuant to Federal Rule of Civil Procedure 24(b)

The Ninth Circuit has explained that "[a] motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). In this circuit, there are three prerequisites that an applicant seeking permissive intervention under Rule 24(b)(2) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

Here, Osuna, as a co-occupant of the underlying property, appears to be attempting to assert the same claims as the sole plaintiff in this action, who is the borrower on the underlying loan. Accordingly, Osuna's claims undoubtedly "have a question of law or a question of fact in common" with those asserted by plaintiff. Id. However, for reasons stated *supra,* Osuna's attempt to intervene under Rule 24(b) must fail because she does not establish that her claims are supported by independent jurisdictional grounds. See Blake v. Pallan, 554 F.2d 947, 955 (9th Cir. 1977) ("The prevailing view of the federal courts is that the claims of permissive Rule 24(b) intervenors must be supported by independent jurisdictional grounds."). Because Osuna could not independently have brought a claim under the statutes upon which plaintiff based her claims in the operative complaint—and because Osuna has not asserted any other grounds for the court's exercise of jurisdiction over her claims—her motion for permissive intervention under Rule 24(b) must be denied.

### IV.  CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-582-CAS(JCx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | LETICIA MUNGUIA v. WELLS FARGO BANK N.A., ET AL. | | |

In accordance with the foregoing, Maria Osuna's motion to intervene is hereby **DENIED**.[2]

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CL | |

---

[2] In denying Osuna's motion to intervene as a plaintiff in this action, the Court notes, as it did during oral argument on the instant motion, that Osuna remains free to assist *pro se* plaintiff Leticia Munguia in her prosecution of this case. For example, Osuna may file declarations in support of plaintiff's motions and/or plaintiff's oppositions to defendants' motions in this action.